IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No.: 17-cv-01677-LTB

JOE V. GALLEGOS,

        Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

        Defendant.

___

ORDER
___

Plaintiff Joe Gallegos appeals the final decision of the Acting Commissioner of Social Security ("SSA") denying his application for disability insurance benefits under Title II Social Security Act, 42 U.S.C. § 401 *et seq*. I have considered the parties' briefs (ECF Nos. 12–13) and the administrative record (ECF No. 9) ("AR"). Oral argument would not materially assist me in determining this appeal.

Mr. Gallegos argues the administrative law judge (ALJ) improperly weighed the medical opinion evidence in the record and improperly evaluated Mr. Gallegos's testimony. He also argues that SSA's Appeals Council failed to properly consider relevant medical evidence on appeal. Because I agree that the Appeals Council failed to consider new, relevant, and material evidence, I REVERSE this case and REMAND with instructions to consider that evidence. I decline to reach Mr. Gallegos's other arguments, which may be impacted by the new evidence.

I. Background

A.   Procedural History

In July 2014, Mr. Gallegos filed an application for disability insurance benefits with SSA, alleging disability beginning June 19, 2014. AR 136–37. After SSA initially denied his claim, AR 58–73, Mr. Gallegos requested a hearing before an ALJ, AR 85. The hearing took place on April 5, 2016. AR 38–57. On May 12, 2016, the ALJ denied Mr. Gallegos's claim, concluding he was not disabled within the meaning of the Social Security Act. AR 20–37. Mr. Gallegos asked SSA's Appeals Council to review the ALJ's decision. AR 18–19. On May 4, 2017, the Appeals Council denied review, AR 1–7, making the ALJ's decision the final decision of SSA, *see Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). On July 10, 2017, Mr. Gallegos timely filed this appeal. (ECF No. 1.) I have jurisdiction pursuant to 42 U.S.C. § 405(g).

II.   Legal Standards

A.   SSA's Five–Step Process for Determining Whether a Claimant Is "Disabled"

A claimant is "disabled" under Title II of the Social Security Act if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). SSA has established a five-step sequential evaluation process for determining whether a claimant is disabled and thus entitled to benefits. 20 C.F.R.

2

§ 404.1520.

At step one, SSA asks whether the claimant is presently engaged in "substantial gainful activity." If he is, benefits are denied and the inquiry stops. § 404.1520(b). At step two, SSA asks whether the claimant has a "severe impairment"—that is, an impairment or combination of impairments that "significantly limits [his] physical or mental ability to do basic work activities." § 404.1520(c). If he does not, benefits are denied and the inquiry stops. If he does, SSA moves on to step three, where it determines whether the claimant's impairment(s) "meet or equal" one of the "listed impairments"—impairments so severe that SSA has determined that a claimant who has them is conclusively disabled without regard to the claimant's age, education, or work experience. § 404.1520(d). If not, SSA goes to step four. At step four, SSA determines the claimant's residual functional capacity ("RFC")—that is, what he is still able to do despite his impairments, and asks whether the claimant can do any of his "past relevant work" given that RFC. § 404.1520(e). If not, SSA goes to the fifth and final step, where it has the burden of showing that the claimant's RFC allows him to do other work in the national economy in view of his age, education, and work experience. § 404.1520(g). At this step, SSA's Grid rules may mandate a finding of disabled or not disabled without further analysis based on the claimant's age, education, and work experience. 20 C.F.R. Pt. 404, Subpt. P, App. 2. In contrast with step five, the claimant has "the burden of establishing a prima facie case of disability at steps one through four." *Doyal*, 331 F.3d at 760.

B.    Standard for Reviewing SSA's Decision

My review is limited to determining whether SSA applied the correct legal standards and whether its decision is supported by substantial evidence in the record. *Williamson v. Barnhart*, 350 F.3d 1097, 1098 (10th Cir. 2003). With regard to the law, reversal may be appropriate when SSA either applies an incorrect legal standard or fails to demonstrate reliance on the correct legal standards. *See Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996). With regard to the evidence, I must "determine whether the findings of fact . . . are based upon substantial evidence, and inferences reasonably drawn therefrom. If they are so supported, they are conclusive upon the reviewing court and may not be disturbed." *Trujillo v. Richardson*, 429 F.2d 1149, 1150 (10th Cir. 1970). "Substantial evidence is more than a scintilla, but less than a preponderance; it is such evidence that a reasonable mind might accept to support the conclusion." *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence. *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). I may not reweigh the evidence or substitute my judgment for that of the ALJ. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991).

III.  The ALJ's Decision

The ALJ followed the five-step analysis outlined above. At step one, the ALJ found that Mr. Gallegos had not engaged in substantial gainful activity from his

4

alleged onset date of June 19, 2014, and met the insured requirements of the Social Security Act through December, 31, 2019. AR 25. At step two, the ALJ found Mr. Gallegos had several severe impairments: (1) obesity; (2) degenerative disc disease of the cervical spine, C4–C7, status post-anterior cervical discectomy and fusion, C4–C7; (3) degenerative disc disease, L1–L4, status post-remote lumbar discectomy/laminectomy; (4) gout; and (5) obstructive sleep apnea. *Id.* At step three, the ALJ concluded that Mr. Gallegos's impairments did not meet or equal any of the "listed impairments" that mandate a conclusive finding of disability under the social security regulations. AR 25–27. At step four, the ALJ found that Mr. Gallegos had the following RFC:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with the following abilities and limitations: the claimant can lift and carry 10 pounds frequently and 20 pounds occasionally; the claimant can sit for a total of six hours during an eight-hour workday; the claimant can stand and/or walk for a combined total of six hours during an eight-hour workday; the claimant can occasionally stoop, kneel, crouch, and crawl; and the claimant can perform semiskilled work due to mild to moderate impairments in concentration secondary to obstructive sleep apnea.

AR 27. The ALJ determined that Mr. Gallegos could return to his past relevant work as a master control operator. AR 31–32. The ALJ accordingly concluded that Mr. Gallegos was not disabled under the Social Security Act. AR 32.

## IV. Analysis

Mr. Gallegos's appeal focuses primarily on SSA's evaluation of his spinal impairment, for which he has had multiple surgeries. He argues the ALJ improperly rejected his treating physician's opinion and wrongly discounted his

5

subjective complaints about the debilitating effects of his impairments. He also argues that the Appeals Council improperly failed to consider a November 2016 report and questionnaire (ECF Nos. 12-2, 12-3) from an independent examining physician, Dr. John Sanidas. Because I agree with the latter argument, I decline to reach the others, which may be impacted by the new evidence.

Dr. Sanidas, a specialist in occupational medicine, examined Mr. Gallegos in November 2016, roughly six months after the ALJ's decision denying benefits. (ECF No. 12-2 at 6; ECF No. 12-3 at 1.) Dr. Sanidas also reviewed scans of Mr. Gallegos's cervical and lumbar spine from the relevant time period. (ECF No. 12-2 at 1–2.) Dr. Sanidas opined that Mr. Gallegos had extreme limitations beginning in June 2014 and was unable to work because of them. (ECF No. 12-2 at 6; ECF No. 12-3 at 3.) Because Dr. Sanidas's examination was performed after the ALJ issued his decision, Mr. Gallegos submitted Dr. Sanidas's opinion (which consisted of a letter describing his conclusions and "spinal impairment questionnaire) to the Appeals Council while his case was pending before it.

"Under 20 C.F.R. §§ 404.970(b) and 416.1470(b), the Appeals Council must consider evidence submitted with a request for review if the additional evidence is (a) new, (b) material, and (c) relate[d] to the period on or before the date of the ALJ's decision." *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004) (quotation omitted). Whether evidence qualifies as new, material, and chronologically relevant is a question of law subject to de novo review. *Id.* There is no dispute that Dr. Sanidas's report is new, but SSA argues it is neither

6

chronologically relevant nor material.

Even though Dr. Sanidas said his opinion covered the entire disability period, the Appeals Council refused to consider it, concluding that it "does not relate to the period at issue" and was not chronologically relevant. AR 2. SSA defends the Appeals Council's time-period determination by focusing on the date of Dr. Sanidas's examination, several months after the ALJ's decision. But as Mr. Gallegos points out, Dr. Sanidas explicitly said his opinion covered the relevant period, beginning in June 2014, and he reviewed diagnostic test results from the relevant period. Thus, I disagree with the Appeals Council's determination that the report did not relate to the relevant time period. *See Washington v. Soc. Sec. Admin., Com'r*, 806 F.3d 1317, 1322 (11th Cir. 2015) ("The opinions contained in Dr. Wilson's materials . . . . are chronologically relevant even though Dr. Wilson examined him several months after the ALJ's decision.").

SSA also argues the report was not material because there is no reasonable possibility that it would have changed the outcome. SSA argues that there is no evidence that Dr. Sanidas reviewed Mr. Gallegos's treatment records or the opinions of other physicians, which undermines his opinion. SSA's argument on this point overlooks the fact that Dr. Sanidas summarized Mr. Gallegos's past treatment for his spinal impairments in the spinal impairment questionnaire. (ECF No. 12-2 at 2 (describing past treatments). And as SSA concedes, Dr. Sanidas reviewed diagnostic test results and imaging studies, and he personally examined Mr. Gallegos. Perhaps most fundamentally, Dr. Sanidas's opinion is the only one in the

7

record following Mr. Gallegos's April 2015 spinal surgery. Much of the ALJ's decision focused on the improvement of Mr. Gallegos's symptoms following that surgery. *E.g.*, AR 30 (explaining that surgical graft and cage were in good position following surgery and that he had functional gains and increased strength several months after the surgery). The outcome of the case may well have changed if SSA had considered Dr. Sanidas's opinion that despite the April 2015 surgery, Mr. Gallegos had severe impairments, particularly because Dr. Sanidas is a board-certified surgeon and specialist in occupational medicine.

Because Dr. Sanidas's report and spinal impairment questionnaire were new, chronologically relevant, and material, the Appeals Council erred by refusing to consider it. Because "the evidence qualifies but the Appeals Council did not consider it, the case should be remanded for further proceedings." *Chambers*, 389 F.3d at 1142.

## V. Conclusion

For the above reasons, the SSA's decision is REVERSED and REMANDED. On remand, SSA should consider Dr. Sanidas's report and spinal impairment questionnaire. (ECF Nos. 12-2, 12-3.)

Dated: April __4th__, 2018, in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, JUDGE